UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERAMY MICHAEL STEVENS, | No. 2:23-cv-01830-KJM-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF NEVADA, et al., | |
| Defendants. | |

Plaintiff, Jeramy Michael Stevens, proceeds without counsel[1] and seeks relief under 42 U.S.C. § 1983. Plaintiff's complaint is before the court for screening and plaintiff requests to proceed in forma pauperis. (ECF Nos. 1, 2.) Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915, and the request is granted.

For the reasons set forth below, the court lacks jurisdiction over plaintiff's claims to the extent they are based on a theory that the state superior court made incorrect rulings in civil cases that violated his rights. Otherwise, the complaint fails to state a claim, but plaintiff is granted leave to file an amended complaint.

////

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

## I. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

## II. ALLEGATIONS IN THE COMPLAINT

On the night of November 28, 2021, plaintiff was physically removed from his residence by sheriff's deputies with "missing paperwork" and "invalid" service of process. (ECF No. 1 at 17.) A petition for elder abuse was filed, involving plaintiff as the restrained party, in Nevada County Superior Court case number FL21016904. (Id. at 18-21.) On January 18, 2022, plaintiff stipulated to a no contact order and to the removal of his personal property from the residence. (Id. at 32.) Plaintiff alleges, Judge Anderson "railroad[ed] me into the court's finding of guilt with a 'stipulated' final order (that is inherently unappealable) that I never factually stipulated to, nor did I execute with my signature." (Id. at 30.)

In addition, plaintiff alleges, he was deprived of judicial council forms, suffered extreme delay in having a motion heard, and was prejudiced when a judge pretended not to hear him during a hearing. (See ECF No. 1 at 6-7, 23, 29, 45.) Plaintiff alleges documents were not properly served to him and court staff refused to give him updates on his case. (Id. at 34, 40.)

Plaintiff alleges he was "faced with the decision to either continue [his] employment or see things through at the courthouse" and he resigned his employment. (ECF No. 1 at 45.) Through this action, plaintiff seeks damages for lost wages and emotional distress. (Id. at 61.)

Plaintiff seeks relief from the County of Nevada and six individual defendants who may all work at the Nevada County Superior Court. (ECF No. 1 at 2-4.) Plaintiff alleges he suffered "an extreme form of complicit bias" against him in connection with case number FL21016904 and related case number FL21016798. (Id. at 6.) Plaintiff alleges the defendants took acts that were "concerted efforts between the employees" to deprive him of his right to be heard in case

2

1  number FL21016904. (Id.) Plaintiff alleges violations of his equal protection and procedural due
2  process rights under the United States Constitution, Fourteenth Amendment. (Id.)

### III. PLEADING STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

### IV. SUBJECT MATTER JURISDICTION

Federal district courts do not have appellate jurisdiction over state courts. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). The Rooker-Feldman doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). The Rooker-Feldman doctrine applies to federal constitutional challenges to state court decisions, including claims under 42 U.S.C. § 1983. Benavidez v. County of San Diego, 993 F.3d 1134, 1142 (9th Cir. 2021) (quoting Doe & Assocs. Law Offs. v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001)).

A federal court action constitutes a forbidden de facto appeal under Rooker-Feldman when the plaintiff complains of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants.

Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). "Once a federal plaintiff seeks to bring a forbidden de facto appeal, … that federal plaintiff may not seek to litigate an issue that is "inextricably intertwined" with the state court judicial decision from which the forbidden de facto appeal is brought." Id. at 1158; see Cooper v. Ramos, 704 F.3d 772, 782 (9th Cir. 2012) ("[Plaintiff's] prayer for relief in the form of monetary and punitive damages... is contingent upon a finding that the state court decision was in error. ... It is precisely this sort of horizontal review of state court decisions that the Rooker-Feldman doctrine bars.").

Here, plaintiff does not expressly seek relief from a specific order or judgment of the state court, but it is not clear whether he is claiming the state court's legal rulings violated his federal constitutional rights. To the extent plaintiff's constitutional claims are based on a theory that the superior court made incorrect rulings in civil cases that violated his rights, this court lacks jurisdiction. See Doe, 252 F.3d at 1030. In contrast, where "plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction." Noel, 341 F.3d at 1164.

**V.   THE COMPLAINT FAILS TO STATE A CLAIM**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). In addition, under the Supreme Court's decision in Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 689-91 (1977), a government entity may be held liable under 42 U.S.C. § 1983 when execution of a government's policy or custom inflicts the plaintiff's injury. See Monell, 436 U.S. at 694.

The complaint purports to bring claims for violations of plaintiff's equal protection and procedural due process rights under the Fourteenth Amendment against the County of Nevada and six individual defendants acting under color of state law. To state a claim for a violation of

4

procedural due process, a plaintiff must allege (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003); see also Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). To state a claim for a violation of equal protection, a plaintiff must generally allege the defendants acted with an intent or purpose to discriminate against him based upon membership in a protected class, such as a particular race or religion. See Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); but see also Village of Willowbrook v. Olech, 528 U.S. 562, 564-65 (2000) (per curiam) (a plaintiff seeking to proceed as a "class of one" must allege intentional, disparate treatment).

At the outset, though, the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to give the defendants fair notice of the plaintiff's claims under Rule 8, the complaint must state the factual allegations "plainly and succinctly." Jones v. Cmty. Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984). A complaint that fails to comply with Rule 8 is subject to dismissal. See Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Here, plaintiff's complaint is 62 pages in length, including the exhibits which are unlabeled and interspersed throughout the complaint. (See generally, ECF No. 1.) The complaint contains extremely long, narrative passages with excessive extraneous material, including unnecessary arguments. (See id.) The complaint, as pleaded, does make clear "who is being sued for what" in connection with the claimed violation of plaintiff's Fourteenth Amendment rights, and therefore fails to give fair notice of the claims. See Bautista v. Los Angeles County, 216 F.3d 837, 840-41 (9th Cir. 2000) (a plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the court and the defendants are readily able to understand the claims); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of complaint that left the court "guessing as to what facts support the legal claims being asserted against certain defendants"). Legal argument in a pleading is unnecessary and may violate Rule 8 where its inclusion renders the complaint

5

verbose and confusing as to the facts alleged. E.g., McHenry, 84 F.3d 1172 at 1178-79 ("Prolix, confusing complaints... impose unfair burdens on litigants and judges."); see also Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal of complaint that was "verbose, confusing and almost entirely conclusory").

The court finds only a few factual allegations in the complaint about the actions or omissions of some of the individual defendants, who allegedly communicated with plaintiff about his court cases or filings. (See ECF No. 1 at 23, 31, 38, 41.) While plaintiff makes clear he was displeased with some of these communications; the court is unable to discern what, if anything, about the communications allegedly violated plaintiff's constitutional rights.[2] Allegations that the defendants' communications with plaintiff about his case were delayed, inadequate, or unsatisfactory, are insufficient to state a claim.[3] Conclusory allegations that the defendants were biased against plaintiff and that they acted together to violate his rights also fail to state a claim. See Twombly, 550 U.S. at 555-557 (naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not suffice to state a claim).

Thus, the complaint does not clearly set forth the specific acts or omissions the individual defendants took that allegedly violated plaintiff's rights. The complaint also lacks allegations that a policy or custom of the County of Nevada inflicted plaintiff's injuries, instead alleging that he was singled out. Therefore, the complaint fails to state a cognizable claim against any defendant and must be dismissed. Any amended complaint that plaintiff files must make clear what each named defendant did or failed to do that violated plaintiff's rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable

---

[2] With limited exceptions, judges and other judicial officers are absolutely immune from suit for acts that relate to the judicial process. See Cleavinger v. Saxner, 474 U.S. 193 (1985); Forrester v. White, 484 U.S. 219, 227 (1988); In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). Because the court is unable to discern the acts by the individual defendants that allegedly violated plaintiff's rights, the court does not at this time examine whether any defendant is immune from suit on the facts alleged.

[3] Aside from the individual defendants who appear to be court staff, plaintiff seeks to hold three individual sheriff's deputies liable for violating his procedural due process rights. (See ECF No. 1 at 9.) However, these individuals are not named as defendants.

under section 1983 there must be a showing of personal participation in the alleged rights deprivation[.]").

### VI. CONCLUSION

The complaint must be dismissed, but plaintiff is granted leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading. In any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 24, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
stev.23cv1830.scrn