UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERAMY MICHAEL STEVENS,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF NEVADA, et al.,<br><br>Defendants. | No. 2:23-cv-01830-KJM-CKD (PS)<br><br><br>ORDER |

Plaintiff, Jeramy Michael Stevens, proceeds without counsel[1] and seeks relief under 42 U.S.C. § 1983. Plaintiff's first amended complaint is before the court for screening. (ECF No. 8.) The amended complaint remedies a major defect of the original complaint in that it adequately identifies who is being sued for what. However, for the reasons set forth below, the amended complaint fails to state a claim. Plaintiff is granted leave to file a further amended complaint.

I.    **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff seeks relief for alleged violations of his rights in connection with "an extreme form of complicit bias held against him by all defendants" in favor of the opposing party in two family law matters brought before the superior court: FL21016798 (the DV matter) and FL21016904 (the EA matter). (See ECF No. 8, ¶ 1.) Defendants are the County of Nevada, the Nevada County Sheriff, two sheriff's deputies, five individuals employed at the Nevada County Superior Court, and unknown Doe defendants. (Id., ¶¶ 6-9.)

When serving first papers of legal process in the DV matter, Deputy King served plaintiff form DV-109 and purposefully excluded other notices which were legally required to be served and which provided the case-specific details plaintiff needed. (ECF No. 8, ¶¶ 11, 14.) Plaintiff could surmise that a temporary restraining order had been requested, but the document provided did not give notice as to the reasons for such a request. (Id., ¶¶ 15-6.) Deputy King stated, "those forms are not required for service but they can be acquired from the clerk of the court…." (Id., ¶ 18.) Plaintiff alleges Sheriff Moon failed to adopt necessary policy to prevent such constitutional violations. (Id., ¶ 13.)

Similarly, Defendant Deputy Mackey and John Doe served plaintiff only the EA-109 notice of hearing and excluded all other legal notices that would have provided the case-specific details plaintiff needed. (Id., ¶ 22, 24-25.) Both deputies stated "those forms are not required service[.]" (Id., ¶ 26.) Despite plaintiff not being provided proper notice, he was removed from the property as being in violation of the temporary restraining order issued against him. (Id., 24, 27.)

On or around November 29, 2021, Deputy Mackey "purposefully provid[ed] false information on form EA-200 Proof of Service" indicating he gave plaintiff form EA-110 Temporary Restraining order and other notice, when he had solely provided the EA-109 notice. (ECF No. 8, ¶ 28-29.) On the same day, the defendant "courthouse employees conspired and

acted together to further manipulate the litigation process in the EA matter" by also not providing the same legal notices in response to plaintiff's telephone calls. (Id., ¶¶ 30-37.) Plaintiff did not learn why the restraining order had been granted until he received the EA-100 Complaint and EA-110 Temporary Restraining Order from Defendant Shumaker six working days later. (Id., ¶ 37.)

On or about January 10, 2022, defendant Marianna Brewer obstructed plaintiff's superior court filing of Judicial Council forms EA-115 and EA-116 by ignoring plaintiff's email submissions, which were authorized to be filed via email by local rule of the court due to the COVID-19 pandemic. (ECF No. 8, ¶ 38, 40-50.) Defendant Brewer created a false receipt of the record of plaintiff's filing and sent plaintiff a fraudulent email claiming a severe backlog of filing submissions due to delays caused by the COVID-19 pandemic. (Id., ¶¶ 39, 47.) There was an extreme delay in plaintiff's filing and plaintiff suggests "other courthouse patrons similarly situated" had their requests for continuances fully processed during the same time period. (Id., ¶ 54.)

In March of 2022, defendant Brandi Jones conspired with the other defendant courthouse employees to obstruct the filing of plaintiff's form EA-600 motion to modify/terminate order. (ECF No. 8, ¶¶ 55-56.) After plaintiff submitted the filing via e-mail as authorized, he received an electronic receipt. (Id., ¶¶ 57-60.) Plaintiff replied to Brandi Jones' confirmation of receipt asking about setting a date for the matter to be heard and twice requested an update but did not receive an update. (Id., ¶¶ 64, 71, 72.) Plaintiff emailed the courthouse on June 5, and the next day Kiira Jefferson told him Brandi Jones had forgotten to print the document after she sent the confirmation. (Id., ¶ 74.)

Plaintiff then had to request a continuance due to work obligations. (Id., ¶ 76.) Plaintiff's continuance was processed, but he was not given notice of this fact until 11 days later, which was after it was too late to serve the petitioner with personal process. (Id., ¶¶ 79-83.) Plaintiff's motion was dismissed. (ECF No. 8, ¶ 85.) Plaintiff was then forced to decide between continuing his employment, or "see[ing] things through at the courthouse[,]" and chose the latter. (Id., ¶ 88.) After 11 months, plaintiff's motion was finally adjudicated. (Id., ¶ 89.)

////

3

The amended complaint states plaintiff brings claims for alleged civil rights violations under 42 U.S.C. § 1981, 42 U.S.C. §§ 1985(2), 42 U.S.C. §§ 1985(3), 42 U.S.C. § 1986, the Due Process and Equal Protection Clauses of the 14th Amendment, and state law claims. (ECF No. 8 at 1.) Plaintiff seeks damages for lost wages, pain and suffering, and emotional distress, as well as punitive damages against the defendants sued in their individual capacities. (Id. at p. 20.)

### III.  PLEADING STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

### IV.  THE COMPLAINT FAILS TO STATE A CLAIM

#### A.  42 U.S.C. ¶ 1981

Plaintiff does not bring any cognizable claims under 42 U.S.C. ¶ 1981. Section 1981 "prohibit[s] racial discrimination by both private parties and state entities in the making and enforcement of contracts." Pittman v. Oregon, Emp. Dep't, 509 F.3d 1065, 1067 (9th Cir. 2007). "To establish a prima facie case of racial discrimination under section 1981, Plaintiff must establish that he (1) is a member of a protected class; (2) attempted to contract for certain services; and (3) was denied the right to contract for those services because of his race." Clark v. Safeway, Inc., 478 F. Supp. 3d 1080, 1088 (D. Or. 2020) (internal quotation marks and citation

omitted). The amended complaint does not contain allegations of racial discrimination or other allegations supporting the existence of a section 1981 claim against any defendant.

### B.   42 U.S.C. § 1985(2), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986

"To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotations omitted). To state a claim under 42 U.S.C. section 1985(2) or 1985(3), plaintiff must allege a conspiracy motivated by racial or class-based, invidious animus. See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993) (section 1985(3)); Portman v. Cnty. of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993) (second clause of section 1985(2)).[2] In addition, "a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985." Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985) against any defendant.

Here, plaintiff alleges he was discriminated against as a class of one. (ECF No. 8, ¶ 10.), Plaintiff does not allege specific facts supporting the existence of a conspiracy motivated by racial or class-based, invidious animus. Thus, the amended complaint does not state a conspiracy claim under 42 U.S.C. § 1985(2) or 42 U.S.C. § 1985(3), or a claim under 42 U.S.C. § 1986.

### C.   42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). A government entity may be held liable under 42 U.S.C. § 1983 when execution of a

---

[2] Section 1985(2) contains two clauses that give rise to separate causes of action. Portman, 995 F.2d at 908. 1985(2). It is not necessary to allege the conspiracy was under color of state law or motivated by racial or other class-based discriminatory animus under the first clause of section 1985(2), but the first clause concerns access to federal courts and, as such, is not applicable here. See Portman, 995 F.2d at 909.

government's policy or custom inflicts the plaintiff's injury. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 689-91 (1977).

Here, the amended complaint mentions the Equal Protection Clause and the Due Process Clause. However, plaintiff does not plausibly allege a violation of his constitutional rights. The amended complaint's allegations that the defendants took actions relating to the service and filing of documents for plaintiff's court cases which were delayed, inadequate, or unsatisfactory, do not state a constitutional claim.[3]

To state a claim for a violation of procedural due process, a plaintiff must allege (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003); see also Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). Here, the claim fails because the amended complaint does not identify the liberty or property interest at stake or the due process plaintiff did not receive.

Moreover, whether or not plaintiff litigated the alleged due process issue as part of his state court case, so long as "minimum standards of due process" were met and there was a "full and fair opportunity" to litigate such a claim, the state court judgment has a preclusive effect to such a claim in federal court. See generally Clements v. Airport Auth. of Washoe Cnty., 69 F.3d 321, 327-28 (9th Cir. 1995); Kremer v. Chem. Const. Corp., 456 U.S. 461, 483 (1982). Significantly, here, plaintiff does not allege he lacked notice or an opportunity to be heard prior to any court order, but instead, merely that his receipt of full notice was delayed by six days. However, "no single model of procedural fairness, let alone a particular form of procedure, is dictated by the Due Process Clause." Kremer, 456 U.S. at 483.

---

[3] Plaintiff does not expressly seek relief from a specific order or judgment of the state court, and the court declines to undertake a Rooker-Feldman analysis as unnecessary at this time. See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004) (Rooker-Feldman doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."). Nonetheless, the court notes a "prayer for relief in the form of monetary and punitive damages... contingent upon a finding that the state court decision was in error ... is precisely this sort of horizontal review of state court decisions that the Rooker-Feldman doctrine bars." Cooper v. Ramos, 704 F.3d 772, 782 (9th Cir. 2012).

In addition, to the extent plaintiff alleges deficiencies in the service of documents along with the EA-109 notice of hearing and/or EA-110 temporary restraining order form, the allegations do not state a claim because the amended complaint fails to plausibly establish a constitutionally protected interest in such service. See Brady v. Gebbie, 859 F.2d 1543, 1548 n. 3 (9th Cir. 1988) ("not all state-created rights rise to the level of a constitutionally protected interest"). Plaintiff alleges merely that documents required to be served were not served. This conclusory allegation and vague references to due process of law in the first amended complaint do not suffice to state a cognizable claim.

To state a claim for a violation of equal protection, a plaintiff must generally allege the defendants acted with an intent or purpose to discriminate against him based upon membership in a protected class, such as a particular race or religion. See Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013). To state a claim under a "class of one" theory, plaintiff must allege facts showing he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). A "class of one" plaintiff must also allege intentional, disparate treatment. Id. at 564-65. "Similarly situated" persons are those "who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

Plaintiff has made only vague and conclusory allegations suggesting that he was treated differently than other similarly situated individuals, and that the difference in treatment lacked a rational basis. However, the amended complaint does not identify any similarly situated individuals or instances where a similarly situated individual was treated differently. Without facts showing that other individuals who were in all relevant respects like plaintiff were treated more favorably without a rational basis, the amended complaint does not state a claim for relief on equal protection grounds.

Finally, the amended complaint contains only a conclusory assertion that plaintiff's injuries resulted from the County of Nevada's failure to adopt policies. Plaintiff alleges, instead, he was singled out for mistreatment. Conclusory assertions that plaintiff's injuries additionally resulted from the County's failure to adopt policies, as evidenced by the deputies' "harmonized'

responses regarding service practices (e.g., ECF No. 8 at p. 17), do not suffice to state a claim. Moreover, as set forth above, the first amended complaint fails to state a cognizable claim of a constitutional deprivation caused by an individual defendant. Without an individualized constitutional violation, there can be no claim for policy deficiencies against the County. See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403-04 (1997).

## V.     CONCLUSION AND ORDER

Conclusory allegations that the defendants were biased against plaintiff and that they acted together to violate his rights fail to state a claim under 42 U.S.C. § 1983. See Twombly, 550 U.S. at 555-557 (naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not suffice to state a claim). Separately, plaintiff cannot state a claim under 42 U.S.C. § 1981, 42 U.S.C. § 1985(2), 42 U.S.C. § 1985(3), or 42 U.S.C. § 1986 without alleging facts to show he is a member of a protected class. Thus, the complaint fails to state a cognizable federal claim against any defendant.

In the absence of a cognizable federal claim, the court declines to screen plaintiff's state law claims. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well"). Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

The amended complaint must be dismissed, but plaintiff is again granted leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "Second Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading. In any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

////

////

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's first amended complaint (ECF No. 8) is dismissed with leave to amend; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  February 12, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
stev.23cv1830.scrn.fac