UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERAMY MICHAEL STEVENS, | No.  2:23-cv-01830-KJM-CKD (PS) |
| Plaintiffs, | |
| v. | FINDINGS & RECOMENDATIONS |
| COUNTY OF NEVADA, et al., | |
| Defendants. | |

Plaintiff Jeramy Michael Stevens proceeds pro se and in forma pauperis.[1] Plaintiff's second amended complaint and third amended complaint (entitled second) are before the court. (ECF Nos. 12, 13.) The court construes plaintiff's filing of the third amended complaint as a motion to amend the complaint. Given the liberal pleading standards afforded to plaintiff as a pro se litigant and the procedural posture of the case, leave to file the third amended complaint is granted. See Fed. R. Civ. P. 15(a). The third amended complaint (entitled second) (ECF No. 13) is the operative pleading.

The third amended complaint fails to state a claim. Because it clearly appears plaintiff will be unable to state a claim based on the relevant facts, the third amended complaint should be dismissed without further leave to amend.

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

### I.    SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

### II.    ALLEGATIONS IN THE THIRD AMENDED COMPLAINT

Plaintiff seeks relief for alleged violations of his rights in connection with "an extreme form of complicit bias"[2] held against him by all defendants "in favor of the opposing party in two highly sensitive and highly contested family law matters" in the Nevada County Superior Court: FL21-016798 (the domestic violence "DV" matter) and FL-21016904 (the elder abuse "EA" matter). (See ECF No. 13, ¶ 11.)

The third amended petition's allegations are fairly summarized as follows: Deputy Mackey and John Doe served plaintiff's "first papers of legal process" in the EA matter. (ECF No. 13, ¶ 12.) According to the proof of service attached to the amended complaint, this occurred on November 28, 2021. (See id. at p. 16.) Mackey and Doe served plaintiff with the EA-109 Notice of Hearing only and omitted other papers that were required to be served and which contained important information for the protection of plaintiff's rights. (Id., ¶¶ 12, 16) This happened even though the petitioner in the EA had made all mandated legal notice readily available according to later testimony given under oath. (Id., ¶¶ 12, 40.) Defendant Mackey knew or should have known that additional documents as set forth in Cal. Welf. & Inst. Code § 15657.03 were required to be served. (Id., ¶ 13.)

On November 29, 2021, two unknown courthouse employees refused plaintiff's multiple requests to obtain the fair legal notice mandated by Cal. Welf. & Inst. Code § 15657.03(k). (ECF No. 13, ¶ 21.) At the time, the public counter was closed to the COVID-19 pandemic and

---

[2] The court omits italicization and other emphasis when quoting allegations from the amended complaint.

2

1  plaintiff's only option was to send an email request to the clerk's office. (Id., ¶ 22.)

2  On January 10, 2022, defendant Marianna Brewer conspired and acted in concert with

3  other unknown courthouse employees to intentionally not process plaintiff's original filing of

4  Judicial Council form EA-115, Request to continue Hearing. (ECF No. 13, ¶25.) California

5  Government Code § 68511 mandates the EA-115 form is to be used by all parties and "must be

6  accepted for filing by all courts." (Id., ¶ 26.) Defendant Brewer's omissions deprived plaintiff of

7  his statutory entitlement under Cal. Welf. Inst. Code § 15657.04(m) to continue the EA matter.

8  (Id., ¶ 28.) Plaintiff received, first, a confirmation of receipt of his filing which led him to believe

9  it had been filed, and an hour and forty minutes later received a "fraudulent new confirmation of

10  receipt purporting that 'due to the impacts [COVID-19], we are experiencing delays in our mail

11  processing' and that [plaintiff] could only ever 'expect 2 to 3 weeks for [his] documents to be

12  processed[.]" (Id., ¶ 31.)

13  On or around Friday, March 11, 2022, defendant Brandi Jones conspired and acted in

14  concert with other unknown courthouse employees to not timely process plaintiff's original filing

15  of Judicial Council form EA-600, Request to Modify/Terminate Order. (ECF No. 13, ¶ 32.)

16  California Government Code § 68511 mandates the EA-600 form is to be used by all parties and

17  "must be accepted for filing by all courts." (Id., ¶ 33.) This "effectively deprived [plaintiff] of

18  [his] fundamental right to be heard…." (Id., ¶ 35.) Defendant Jones emailed plaintiff a

19  "fraudulent communication purporting a two-month delay in processing new filings as an attempt

20  to manipulate and negatively impact [plaintiff]." (Id., ¶ 37.)

21  Defendant Sheriff Shannon Moon failed to adopt policies, customs, or practices necessary

22  to ensure constitutionally adequate service of legal process pertaining to petitions for temporary

23  restraining orders. (ECF No. 13, ¶¶ 38-39.) This was evident because Deputy King proclaimed

24  "those forms are not required for service" when providing only the DV-109 on service for the DV

25  matter, and the claim was repeated by an unknown representative in Sheriff Moon's Civil Bureau

26  Unit, as well as by Deputies Mackey and Doe when serving process on the EA matter. (Id., ¶ 40.)

27  In the third amended complaint, plaintiff brings claims for alleged civil rights violations

28  under 42 U.S.C. §§ 1985(2), 42 U.S.C. §§ 1985(3), 42 U.S.C. § 1986, the Due Process and Equal

Protection Clauses of the Fourteenth Amendment to the United States Constitution, and state law claims. (See ECF No. 13 at 1.) Defendants are Marianna Brewer, Brandy Jones, Shannon Moon, Jason Mackey, the County of Nevada, and unknown Doe defendants. (Id., ¶¶ 6-10.)

### III.    PLEADING STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

### IV.    THE COMPLAINT FAILS TO STATE A CLAIM

#### A.    42 U.S.C. § 1985(2), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986

"To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotations omitted). Conclusory allegations that the defendants conspired and acted in concert to violate plaintiff's rights fail to state a claim. See Twombly, 550 U.S. at 555-557 (naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not suffice to state a claim).

In addition, to state a claim under 42 U.S.C. section 1985(2) or 1985(3), plaintiff must allege a conspiracy motivated by racial or class-based, invidious animus. See Bray v. Alexandria

Women's Health Clinic, 506 U.S. 263, 267-68 (1993) (section 1985(3)); Portman v. Cnty. of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993) (second clause of section 1985(2)).[3] Here, plaintiff alleges he was discriminated against as a class of one. (ECF No. 8, ¶ 10.) The third amended complaint does not allege facts supporting the existence of a conspiracy motivated by racial or class-based, invidious animus. Plaintiff does not state a conspiracy claim under 42 U.S.C. § 1985(2) or 42 U.S.C. § 1985(3).

In addition, "[a] cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985." Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985). Because plaintiff does not state a valid claim for relief under 42 U.S.C. § 1985, he likewise fails to state a claim under 42 U.S.C. § 1986.

## B.     42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). A government entity may be held liable under 42 U.S.C. § 1983 when execution of a government's policy or custom inflicts the plaintiff's injury. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 689-91 (1977). Here, plaintiff alleges violations of the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment.

### 1.  Due Process

To state a claim for a violation of procedural due process, a plaintiff must allege (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate

---

[3] Section 1985(2) contains two clauses that give rise to separate causes of action. Portman, 995 F.2d at 908. It is not necessary to allege the conspiracy was under color of state law or motivated by racial or other class-based discriminatory animus under the first clause of section 1985(2), but the first clause concerns access to federal courts and, as such, is not applicable here. See Portman, 995 F.2d at 909.

procedural protections. <u>Kildare v. Saenz</u>, 325 F.3d 1078, 1085 (9th Cir. 2003); <u>see also</u> <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 569-70 (1972). "[N]o single model of procedural fairness, let alone a particular form of procedure, is dictated by the Due Process Clause." <u>Kremer v. Chem. Const. Corp.</u>, 456 U.S. 461, 483 (1982). Due process does demand, however, an opportunity to be heard "at a meaningful time and in a meaningful manner." <u>Armstrong v. Manzo</u>, 380 U.S. 545, 552 (1965).

To state a substantive due process claim, a plaintiff must allege "a state actor deprived [him] of a constitutionally protected life, liberty, or property interest" in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" <u>Nunez v. City of Los Angeles</u>, 147 F.3d 867, 871 (9th Cir. 1998) (quoting <u>Rochin v. California</u>, 342 U.S. 165, 172 (1952)). Not all property interests are protected by substantive due process. <u>Regents of Univ. of Mich. v. Ewing</u>, 474 U.S. 214, 229 (1985) (J. Powell, concurring).

Here, plaintiff alleges he had legitimate claims of entitlement to his leased residence and personal property. (ECF No. 13, ¶ 18.) He also alleges Deputy Mackey deprived him of his entitlement to have additional documents served for the EA matter as set forth in Cal. Welf. & Inst. Code § 15657.03. He further alleges defendant Brewer deprived him of his rights under Cal. Gov't Code § 68511 and Cal. Welf. & Inst. Code § 15657.03(m) when his judicial council forms were not accepted for timely filing.

Plaintiff has not identified a fundamental liberty or property interest protected by the substantive due process clause of which he was deprived. The interests protected by substantive due process are those fundamental rights under the federal constitution that are "deeply rooted in this Nation's history and tradition." <u>Franceschi v. Yee</u>, 887 F.3d 927, 937 (9th Cir. 2018). These include marriage, procreation, contraception, family relationships, child rearing, education, and a person's bodily integrity. <u>Id.</u> Plaintiff also has not plausibly alleged the deprivation of a fundamental right in a way that shocks the conscience. Accordingly, plaintiff fails to state a claim for a violation of substantive due process.

The court will assume for screening purposes that plaintiff had a liberty or property interest in his leased residence and personal property. However, the operative complaint does not

plead factual allegations that plaintiff was deprived of any interest in his leased residence and/or personal property.[4] But even assuming plaintiff was deprived of his leased residence and/or personal property beginning on or about November 28, 2021, when Deputy Mackey served the first papers of legal process in the EA matter, plaintiff does not plausibly allege the deprivation occurred without constitutionally adequate procedural protections.

The Elder Abuse Act, Cal. Welf. & Inst. Code, § 15600, et seq., authorizes the issuance of a temporary restraining in accordance with Section 527 of the Code of Civil Procedure upon the filing of a petition. Cal. Welf. & Inst. Code, § 15657.03(d). Subsequently, after notice and a hearing, the court is authorized issue a restraining order having a duration of not more than five years. Cal. Welf. & Inst. Code, § 15600(i)(1).

To the extent plaintiff alleges, generally, that he was deprived of the requirements of due process, including legal notice, an opportunity to be heard, and a decision by a neutral decision-maker (see, e.g., ECF No. 13, ¶¶ 43-44), those are conclusory allegations that do not assist in stating a claim. See Iqbal, 556 U.S. at 678. The third amended complaint does not contain factual allegations plausibly suggesting plaintiff was denied an opportunity to be heard in a meaningful time and in a meaningful manner, which is the fundamental requirement of due process. See Armstrong, 380 U.S. at 552.

Moreover, plaintiff does not plausibly allege he was denied the procedural protections of Cal. Welf. & Inst. Code § 15657.03(k) in violation of his federal right to due process. That subsection provides

> [u]pon the filing of a petition for protective orders under this section, the respondent shall be personally served with a copy of the petition, notice of the hearing or order to show cause, temporary restraining order, if any, and any declarations in support of the petition. Service shall be made at least five days before the hearing. The court may, on motion of the petitioner or on its own motion, shorten the time for service on the respondent.

Cal. Welf. & Inst. Code § 15657.03(k). Specifically, plaintiff does not allege he did not receive

---

[4] In the original complaint, plaintiff alleged he was removed from his residence on November 28, 2021. (See ECF No. 1 at 17.) The operative complaint does not include a similar allegation.

7

all documents required by Cal. Welf. & Inst. Code § 15657.03(k) at least five days before any

hearing, which is the essence of the protection afforded by that subsection.

But even if plaintiff had a state-created right regarding some procedural aspect of service

of process which was not met, "not all state-created rights rise to the level of a constitutionally

protected interest[.]" Brady v. Gebbie, 859 F.2d 1543, 1548 n. 3 (9th Cir. 1988). A state law must

satisfy two requirements in order to create a liberty interest protected by the Constitution. "First,

the law must set forth substantive predicates to govern official decision making and, second, it

must contain explicitly mandatory language, i.e., a specific directive to the decision maker that

mandates a particular outcome if the substantive predicates have been met." Valdez v.

Rosenbaum, 302 F.3d 1039, 1044 (9th Cir. 2002) (internal citations and quotations omitted).

Subsection (k) of Cal. Welf. & Inst. Code § 15657.03 does not set forth substantive

predicates to govern official decision making or mandate an outcome to be reached upon a

finding that the relevant criteria have been met. Neither do the other statutes put forth in the third

amended complaint create a constitutionally protected interest of which plaintiff was deprived:

> The Judicial Council may prescribe by rule the form and content of
> forms used in the courts of this state. When any such form has been
> so prescribed by the Judicial Council, no court may use a different
> form which has as its aim the same function as that for which the
> Judicial Council's prescribed form is designed. [….]

Cal. Gov't Code § 68511.

> The respondent [to an elder abuse petition filed under this section]
> shall be entitled, as a matter of course, to one continuance, for a
> reasonable period, to respond to the petition.

Cal. Welf. & Inst. Code § 15657.03(m).

While couched in mandatory terms, neither statute quoted above mandates a particular

substantive outcome, and neither creates a constitutionally protected interest. See Tony L. By &

Through Simpson v. Childers, 71 F.3d 1182, 1185-86 (6th Cir. 1995) ("The language of this

statute is undoubtedly mandatory. Furthermore, the statute mandates action based upon

substantive predicates. The claim of a state-created liberty interest fails, however, because no

particular substantive outcome is mandated."). The court cannot elevate a state procedural

8

1   requirement to a constitutionally protected interest solely because it is couched in mandatory

2   terms, since obligatory governmental actions can serve various legitimate ends other than

3   conferring a constitutionally protected interest upon an individual. See Town of Castle Rock v.

4   Gonzales, 545 U.S. 748, 764-65 (2005); Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983).

5           For all these reasons, plaintiff does not plausibly allege a deprivation of his rights under

6   the Due Process Clause based on defendant Mackey's alleged improper service of process or

7   defendant Brewer's alleged refusal to timely file plaintiff's judicial council forms. In addition, as

8   to Sheriff Moon and the County of Nevada, the third amended complaint contains only

9   conclusory assertions that plaintiff's injuries resulted from a failure to adopt policies for proper

10  service of process. Moreover, the third amended complaint fails to state a cognizable claim of a

11  constitutional deprivation in relation to the alleged deficient service of process. Without an

12  individualized constitutional violation, there can be no claim for policy deficiencies against the

13  County. See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403-04 (1997).

14                              **2.   Equal Protection**

15          To state a claim for a violation of equal protection, a plaintiff must generally allege the

16  defendants acted with an intent or purpose to discriminate against the plaintiff based upon

17  membership in a protected class, such as a particular race or religion. See Furnace v. Sullivan,

18  705 F.3d 1021, 1030 (9th Cir. 2013). To state a claim under a "class of one" theory, a plaintiff

19  must allege facts showing he "has been intentionally treated differently from others similarly

20  situated and that there is no rational basis for the difference in treatment." Village of

21  Willowbrook v. Olech, 528 U.S. 562, 564 (2000). A "class of one" plaintiff must allege

22  intentional, disparate treatment. Id. at 564-65. "Similarly situated" persons are those "who are in

23  all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

24          Plaintiff has made only vague and conclusory allegations suggesting that he was treated

25  differently than other similarly situated individuals, and that the difference in treatment lacked a

26  rational basis. However, the third amended complaint does not identify any similarly situated

27  individuals or instances where a similarly situated individual was treated differently. Without

28  factual allegations showing that other individuals who were in all relevant respects like plaintiff

1  were treated more favorably without a rational basis, the amended complaint does not state a

2  claim for relief on equal protection grounds.

3    **V. CONCLUSION AND RECOMMENDATION**

4    For the reasons set forth above, the third amended complaint fails to state a cognizable

5  federal claim against any defendant.[5] In the absence of a cognizable federal claim, the court need

6  not screen plaintiff's state law claims. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715,

7  726 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be

8  dismissed as well"). Although the court may exercise supplemental jurisdiction over state law

9  claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. §

10  1367.

11    The undersigned has carefully considered whether further leave to amend should be

12  granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely

13  clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the

14  complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Plaintiff

15  has had two opportunities to amend, has not been able to state a claim, and it clearly appears no

16  cognizable claim can be stated on the underlying facts alleged. The undersigned concludes further

17  leave to amend would be futile. See California Architectural Bldg. Prod. v. Franciscan Ceramics,

18  818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue

19  delay, bad faith, prejudice, and futility."); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.

20  Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (noting the court does not have to allow futile

21  amendments).

22  ////

23

---

24  [5] Plaintiff does not expressly seek relief from an order or judgment of the state court, and a
Rooker-Feldman analysis is unnecessary because plaintiff has not stated a claim. See Kougasian

25  v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004) (Rooker-Feldman doctrine "prohibits a
federal district court from exercising subject matter jurisdiction over a suit that is a de facto

26  appeal from a state court judgment."). Nevertheless, the undersigned notes a "prayer for relief in
the form of monetary and punitive damages... contingent upon a finding that the state court

27  decision was in error ... is precisely this sort of horizontal review of state court decisions that the
Rooker-Feldman doctrine bars." Cooper v. Ramos, 704 F.3d 772, 782 (9th Cir. 2012).

28

In accordance with the above, IT IS HEREBY RECOMMENDED as follows:

1.  Plaintiff's third amended complaint (ECF No. 13) be dismissed without further leave to amend for failure to state a claim.

2.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 28, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
stev.23cv1830.scrn.fr

11